

**ORDERED in the Southern District of Florida on December 20, 2010.**

_____
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

                                         Case No. 09-16850-AJC

ALEJANDRO ANTONINI,                 Chapter 7

         Debtor.

_____/

**ORDER DENYING MOTION TO APPROVE**
**COMPROMISE AND SETTLEMENT**

THIS MATTER came before the Court on October 20, 2010 at 10:30 a.m. upon the Trustee's _Motion to Approve Compromise and Settlement_ (the "Motion") [D.E. 138], the Debtor's _Objection_ [D.E. 140] (the "Objection"), creditor Franklin Duran's ("Duran") _Reply In Support Of The Trustee's Motion To Approve Compromise_ [D.E. 146] (the "Duran Reply"), and the Trustee's _Response to Debtor's Objection_ [D.E. 147] (the "Trustee Reply").  In addition, the Court is familiar with the record in this case and has considered the Debtor's various notices of filing in support of the objection [D.E. 149, 150 and 151].  For the reasons more fully set forth below, the Court denies the Motion.

## Procedural History

This case was commenced as a chapter 7 proceeding on April 15, 2009 [D.E. 1]. Prior to the filing of this case, the Debtor and his wholly owned company, Venuz Supply Inc. ("Venuz") filed an involuntary petition against Duran. *See In re Franklin Duran, Alleged Debtor*, 08-28580-AJC (Bankr. S.D. Fla. Dec. 5, 2008) (the "Involuntary Case"). The Involuntary Case was dismissed with Duran preserving his right to seek damages under 11 U.S.C. §303(i). *See* Involuntary Case [D.E. 102]. In addition the Debtor and Venuz, filed an action for money damages, in the amount of $641,950.76 against Duran in Federal District Court. *See Antonini v. Duran*, 08-23245 (S.D. Fla. Nov. 21, 2008) (the "District Court Case"). The District Court Case was removed to this Court. *See Mukamal v. Duran (In re Antonini)*, 09-1582-AJC.

On April 8, 2009, Venuz filed a Chapter 7 proceeding. *In re Venuz Supply Inc.*, 09-16422-AJC (the "Venuz Bankruptcy"). Subsequent to the filing of that case, Trustee Dillworth, the Chapter 7 Trustee of Venuz, filed a motion to approve a settlement between Duran and the Chapter 7 estate of Venuz. *See* Venuz Bankruptcy [D.E. 26]. The settlement with the Venuz estate called for a cash payment of $100,000 from Duran to the Venuz estate in return for an allowed claim of $350,000, a release of all Venuz's claims in the District Court Case, and the assignment by Trustee Dillworth to Duran of rights in certain condominium deposits. *See* Venuz Bankruptcy [D.E.26 & 28].

## Terms of the Settlement

In this case, Trustee Mukamal and Duran have reached a settlement (the "Settlement") which provides that, in return for a $15,000 payment, the estate will transfer to Duran title to a Porsche automobile in which bare legal title was held by the Debtor and release all claims made by the Debtor in the District Court Case. The Settlement further provides that Duran will have an allowed claim of $350,000 as a general unsecured claim (the "Claim"). The Settlement

reserves Duran's right to bring any 11 U.S.C. §523 or §727 action.

The Court believes this Settlement does not fall within the bounds of reasonableness. The Court understands this case is administratively insolvent, but settling for a payment of only $15,000.00 to the estate does not appear to be reasonable, particularly in light of the fact that Duran will get title to an automobile of equivalent value, an allowed unsecured claim against the estate in the amount of $350,000.00, and a dismissal of all claims against him by the Trustee.  In the related case of Venuz, the Trustee received payment of $100,000.00 in settlement of virtually identical claims, also allowing Duran a $350,000.00 claim in that estate.  In fact, in the Venuz case, the Trustee received $100,000.00 without having to transfer to Duran title to a vehicle, such as in this case.

There appears to be no basis for the allowance of such a large claim against this estate. The parties represent that the claim amount is for damages arising from an involuntary petition filed by this Debtor, together with Venuz, against Duran, but the Court is unable to determine from the record any correlation between the amount allowed as a claim and the alleged damages for the filing of an involuntary petition.

 The Trustee argues that the settlement finally resolves the District Court Case and removes the need for the parties to engage in costly litigation.  However, other than describing the District Court Case as uncertain in its likelihood of success, the Trustee does not provide any analysis of the causes of action in that case, except to indicate that Duran has defenses to the claims stated.  The Trustee asserts the Settlement funds the estate, settles outstanding litigation, resolves the issues surrounding title to the Porsche, and eliminates the need for a costly claim reconciliation process.  The Court does not believe this Settlement reasonably achieves the goals stated.  Indeed, the Settlement would fund the estate, settle outstanding litigation, resolve the issues surrounding title to the Porsche, and eliminate the need for a claims objection, but at what

cost?

**Conclusions of Law**

In passing on proposed settlements, the Court must determine whether a proposed settlement is fair and equitable. *In re Chira*, 367 B.R. 888, 896 (Bankr. S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S&I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009); *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. MD. Fla. 1993); *In re Arrow Air*, *Inc.*, 85 B.R 886, 890 (Bankr. S.D. Fla. 1988).

In making this determination, the Court is required to examine the following four factors enumerated by the Eleventh Circuit in *In re Justice Oaks II, Ltd.*, 898 F.2 1544, 1549 (11th Cir.1990): (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered as a matter of collection; (c) the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

As discussed, the estate's likelihood of success in District Court Case with Duran is alleged to be uncertain. But such a vague allegation does not support the Trustee's assertion that there is a "real possibility that the estate may not prevail in the litigation." Without more than the Trustee's complaints that discovery may be cumbersome and time-consuming, given Duran is incarcerated and would have to be deposed in prison and that his transport to trial would have to be arranged, the Court is not persuaded the claims against Duran are complex and should be settled. The Trustee emphasizes that the factual basis raised by Duran's affirmative defenses— that no written documents exist to support the claimed debts—would necessitate the live testimony of both the Debtor and Duran as well as extensive discovery regarding the Debtor's books and records and Duran's records. This may be so, but still does not satisfy the inquiry of

whether the release of such claims, for the mere payment of $15,000.00 and the allowance of a claim for $350,000.00, is reasonable and, in fact, the Court is not convinced that upon that information alone this Settlement is reasonable.

Collection is unlikely to be an issue as Duran has placed enough funds to cover any judgment in trust with his attorneys as a sign of his solvency. Additionally, even though no creditors have raised any objection to the proposed settlement, the Court is not persuaded by the documents of record that the Settlement is in the "best interest of Debtor's estate and the creditors of the estate".

Based on the foregoing, the Court is not satisfied that the Settlement agreement between the Trustee and Duran is within the range of reasonableness or is fair and equitable. Accordingly, for the reasons stated herein it is,

**ORDERED AND ADJUDGED** that the Motion is **DENIED.**

### 

Copies to:

Isaac Marcushamer, Esq.
*(Attorney Marcushamer shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*